

**FILED**
**Nov 02, 2023**
**12:25 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Alexis Basham | )   Docket No.    2023-05-0474 |
| | ) |
| v. | )   State File No.   50877-2021 |
| | ) |
| SPB Hospitality, LLC, d/b/a Logan's | ) |
| Roadhouse, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | )   Heard October 5, 2023 |
| Compensation Claims | )   at Knoxville |
| Dale A. Tipps, Judge | ) |

---

### Affirmed and Remanded

---

This is an appeal of the trial court's order denying the employee's motion to compel compliance with an earlier order for ongoing temporary disability benefits. While at work, the employee was physically assaulted by a customer who then struck the employee with a vehicle and dragged her several feet when attempting to leave the employer's parking lot. The employee suffered an injury to her back and received workers' compensation benefits. Upon reaching maximum medical improvement for her back injury, the employer stopped paying temporary disability benefits. Thereafter, the employer authorized a psychiatric evaluation, and the employee was diagnosed with post-traumatic stress disorder and restricted from work. The employee requested an expedited hearing to reinstate temporary total disability benefits, and the trial court determined that although the employee suffered physical injuries, her mental injury did not arise primarily from the physical injuries, rendering Tennessee Code Annotated section 50-6-207(1)(E) inapplicable. Accordingly, the court ordered the employer to pay past and ongoing temporary total disability benefits, and that order was not appealed. Subsequently, 104 weeks after the accident, the employer ceased payment of temporary benefits pursuant to Tennessee Code Annotated section 50-6-207(1)(D)(ii), which limits such benefits to a maximum of 104 weeks "after the date of injury" for mental injuries "where there is no underlying physical injury." The employee filed a motion to compel the employer's compliance with the prior order, asserting she was entitled to continuing temporary benefits. The employer argued that the employee was conclusively presumed to be at maximum medical improvement pursuant to the applicable statute. In a decision on the record, the trial court denied the employee's motion, and the employee has appealed. Upon careful consideration of the record and arguments of counsel, we affirm the trial court's order and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Michael P. Fisher, Nashville, Tennessee, for the appellant, Alexis Basham

Taylor R. Pruitt, Nashville, Tennessee, for the appellee, SPB Hospitality, LLC, d/b/a Logan's Roadhouse

**Factual and Procedural Background**

Alexis Basham ("Employee") was working as a manager for SPB Hospitality, LLC, d/b/a Logan's Roadhouse ("Employer") when she was physically assaulted by customers on June 28, 2021. The assailants pulled Employee's necklace off, punched her in the face, scratched her, and pushed her outside of the restaurant. Then, in an attempt to flee the scene, the assailants backed into Employee with their vehicle. Upon realizing the parking lot had just one exit, the assailants turned their vehicle around and struck Employee again, dragging her several feet before Employee eventually fell against the curb, striking her head and back. She was transported by ambulance to a hospital emergency room where she received treatment for her injuries, including a head wound and abrasions, before being discharged.

Thereafter, Employee began experiencing back symptoms and Employer provided a panel of orthopedic physicians from which she selected Dr. James Wiesman. Dr. Wiesman then referred Employee to a neurosurgeon, and she selected Dr. George Lien from a panel of specialists. Employee eventually underwent lumbar surgery and was released at maximum medical improvement ("MMI") on August 15, 2022. Upon Dr. Lien's placing Employee at maximum medical improvement, Employer terminated temporary total disability benefits.

During this time, Employee, who had a prior history of anxiety and depression, treated on her own with her mental health provider for complaints of increased fear and anxiety she believed arose from the work-related assault.[1] Employee subsequently requested a panel of physicians for her alleged mental injury. Employer authorized a psychiatric evaluation with Dr. Greg Kyser, who diagnosed Employee with post-traumatic stress disorder ("PTSD") and restricted her from work "until further notice."

Employee filed a request for an expedited hearing seeking additional temporary disability benefits and submitted an affidavit in which she contended that her psychological injury arose "from the attack itself and not the physical injury sustained." At the expedited

---

[1] Employee asserted that although she was provided panels of orthopedic and neurosurgical physicians, she did not originally receive a panel of specialists for her alleged mental injury. Instead, she claimed she was advised by a nurse case manager to seek treatment on her own for her alleged mental injury.

2

hearing, Employee asserted she was able to perform daily life activities prior to this incident but was now unable to work because of her increased fear and anxiety. She also argued that she was also entitled to temporary disability benefits based on the work restrictions assigned by her authorized psychiatrist, Dr. Kyser.

Conversely, Employer argued that Employee was not entitled to any additional temporary disability benefits because she had reached MMI for her physical injury and temporary benefits were properly terminated pursuant to Tennessee Code Annotated section 50-6-207(1)(E), which states that an employee is conclusively presumed to have reached MMI "when the treating physician ends all active medical treatment and the only care provided is for *a mental injury that arose primarily out of a compensable physical injury.*" Tenn. Code Ann. § 50-6-207(1)(E) (emphasis added). Thus, the issue before the court was how to apply section 50-6-207(1)(E) when the compensable incident caused both physical injuries and a mental injury arising from a sudden or unusual stimulus. Ultimately, the court concluded that subsection 207(1)(E) does not apply to a mental injury occurring contemporaneously with, but not arising primarily out of, a physical injury. The trial court reasoned that although Employee sustained physical injuries as a result of the work accident, she also sustained a separate mental injury arising from the same event and, thus, Employee was entitled to additional temporary total disability benefits based on the work restrictions of Dr. Kyser. That order was not appealed.

In June 2023, 104 weeks after the date of injury, Employer ceased payments of temporary disability benefits to Employee despite the court's earlier order. Thereafter, on July 11, Employee filed a motion to compel compliance with the May 11, 2023 expedited hearing order and for sanctions. In response, Employer asserted it properly terminated Employee's temporary benefits pursuant to Tennessee Code Annotated section 50-6-207(1)(D), which provides:

> An employee claiming a mental injury . . . shall be conclusively presumed to be at maximum medical improvement upon the earliest occurrence of the following:
>
> (i)     At the time the treating psychiatrist concludes the employee has reached maximum medical improvement; or
>
> (ii)    One hundred four (104) weeks after the date of injury in the case of mental injuries where there is no underlying physical injury.

In her reply brief, Employee argued that section 50-6-207(1)(D)(ii) is inapplicable in this case because there *was* an "underlying physical injury" accompanying her mental injury. In Employee's view, the statute's use of the term "underlying" in this subsection must necessarily mean something different than the phrase "arising primarily out of" as

3

used in subsection 207(1)(E).  Thus, Employee argued she was not precluded from receiving additional temporary disability benefits in the first instance because her mental injury did not "arise primarily out of" her physical injury, and she is not precluded from receiving additional benefits in the second instance because she suffered an "underlying physical injury" in additional to her mental injury.

After considering the arguments of both parties, the trial court concluded the natural and ordinary meaning of the word "underlying" as used in section 50-6-207(1)(D) is "a cause or foundation of something else."  Here, because it had earlier concluded that Employee's mental injury did not "arise primarily out of" the physical injury, it determined it would be incongruous to find that Employee's back injury constituted an "underlying physical injury."  Thus, the court concluded Employee is subject to the conclusive presumption of MMI as set out in 50-6-207(1)(D)(ii) and denied Employee's motion to compel.  Employee has appealed.

**Standard of Review**

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2022).  However, we need not give deference to a trial court's findings "based upon documentary evidence such as depositions." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018).  The interpretation and application of statutes and regulations are questions of law that are reviewed de novo with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013).  We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer.  Tenn. Code Ann. § 50-6-116 (2022).

**Analysis**

Tennessee Code Annotated section 50-6-102(15) defines a compensable mental injury as

> a loss of mental faculties or a mental or behavioral disorder, arising primarily out of a compensable physical injury or an identifiable work[-]related event resulting in a sudden or unusual stimulus, and shall not include a psychological or psychiatric response due to the loss of employment or employment opportunities[.]

Thus, there are two categories of compensable mental injuries: (1) those arising primarily out of a compensable physical injury; and (2) those arising primarily out of an identifiable incident causing a sudden or unusual stimulus.

The Workers' Compensation Law includes several conclusive presumptions impacting an injured worker's entitlement to temporary disability benefits. Pursuant to Tennessee Code Annotated section 50-6-207(1)(D), an employee claiming a mental injury on or after July 1, 2009, is conclusively presumed to be at maximum medical improvement upon the earliest occurrence of either the treating psychiatrist's concluding the employee has reached maximum medical improvement or 104 weeks after the date of injury "where there is no underlying physical injury." Section 50-6-207(1)(E) states, in relevant part, that

> [a]n employee claiming an injury as defined in § 50-6-102, when the date of injury is on or after July 1, 2014, shall be conclusively presumed to be at maximum medical improvement when the treating physician ends all active medical treatment and the only care provided is for the treatment of pain *or for a mental injury that arose primarily out of a compensable injury*.

(Emphasis added.) Hence, if the mental injury occurred as the result of a work-related stimulus independent of any physical injury, subsection 207(1)(D)(ii) creates a conclusive presumption of MMI, but if the mental injury arose primarily from a compensable physical injury, then subsection 207(1)(E) creates a conclusive presumption of MMI.

In the present case, Employee asserts the trial court erred by denying her request for continuing temporary disability benefits after concluding that Employee was conclusively presumed to be at MMI pursuant to Tennessee Code Annotated section 50-6-207(1)(D)(ii). Specifically, during oral argument, Employee asserted that subsection 207(1)(D)(ii) is inapplicable because Employee's physical injuries "accompanied and contributed" to her mental injuries and constitute an underlying physical injury.[2] In support of her position, Employee relies on an earlier decision of the Court of Workers' Compensation Claims in *Benson v. Jones Bros. Contractors LLC*, No. 2021-08-0148, 2022 TN Wrk. Comp. LEXIS 14, at *4 (Tenn. Ct. Wrk. Comp. Claims Feb. 22, 2022). There, the trial court concluded that the existence of an underlying physical injury rendered section 50-6-207(1)(D)(ii) inapplicable. In essence, Employee asserts the trial court in the present case "broadened the statute in holding that 'the physical injury must be the primary cause of the mental injury to negate section 50-6-207(1)(D)(ii).'"

In its brief on appeal, Employer contends the trial court was correct in denying Employee's motion, noting that Employee previously took the position at the expedited hearing that her physical injuries were not causally related to her mental injury and that she

---

[2] For purposes of this appeal, it is undisputed that Employee sustained both physical and mental injuries as a result of the work-related assault.

5

would still be suffering from PTSD even if she had sustained no physical injuries in the work incident.[3]  Yet, she is now taking the position that there *is* an "underlying" physical injury that makes subsection 207(1)(D) inapplicable.  Employer further asserts the word "underlying" as used in section 50-6-207(1)(D)(ii) is unambiguous and "refers to causation."  Moreover, Employer argues that a reasonable definition derived from the plain and ordinary language of the word "underlying" is the "cause or basis of something else."  Thus, if the mental injury was not caused by the physical injuries, then subsection 207(1)(D)(ii) limits Employee's temporary benefits to a maximum of 104 weeks after the date of injury.

Employer further contends that Employee's proposed interpretation of section 50-6-207(1)(D)(ii) would result in an unjust and unequal application of the Workers' Compensation Law.  For example, in cases where the injured employee's mental injury occurred contemporaneously with, but was not causally related to, the physical injury, that employee would be limited to a maximum of 104 weeks of temporary disability benefits.  However, an employee with a mental injury who is deemed to have an "underlying" physical injury (but one which was not the "primary" cause of the mental injury) could receive temporary disability benefits for an undefined period of time greater than 104 weeks.  In Employer's view, such a result would be illogical and contrary to the legislature's intent.

In addition, Employer notes this interpretation would effectively change the meaning of section 207(1)(D)(i) because it would add a third category of mental injury cases not addressed by the two options listed in subsection 207(1)(D).  In other words, in all cases where an employee alleges a mental injury, subsection 207(1)(D) provides a conclusive presumption of MMI at the earlier of two defined events, but Employee's interpretation would create a third category of mental injury cases not addressed by either of those two possibilities.  Finally, Employer asserts the trial court was correct in its analysis of section 207(1)(D)(ii) within the framework of the statute as written and in consideration of the legislative intent of the statute as a whole, which was to impose a cap on an employee's receipt of temporary disability benefits for a mental injury.

In addressing the principles of statutory construction, the Tennessee Supreme Court has provided the following guidance:

> The primary goal of statutory interpretation is to carry out legislative intent without expanding or restricting the intended scope of the statute.  In determining legislative intent, we first must look to the text of the statute and give the words of the statute "their natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose."

---

[3] Employee testified that her mental injury arose "from the attack itself and not the physical injury sustained."

6

When a statute's language is clear and unambiguous, we enforce the statute as written; we need not consider other sources of information. We apply the plain meaning of a statute's words in normal and accepted usage without a forced interpretation. We do not alter or amend statutes or substitute our policy judgment for that of the Legislature.

*Coleman v. Olson*, 551 S.W.3d 686, 694 (Tenn. 2018) (internal citations omitted). In addition, the Supreme Court has explained:

In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by doing so. . . . It is only when a statute is ambiguous that we may reference the broader statutory scheme, the history of the legislation, or other sources. Further, the language of a statute cannot be considered in a vacuum, but "should be construed, if practicable, so that its component parts are consistent and reasonable." Any interpretation of the statute that "would render one section of the act repugnant to another" should be avoided. We also must presume that the General Assembly was aware of any prior enactments at the time the legislation passed.

*In re Estate of Tanner*, 295 S.W.3d 610, 613-14 (Tenn. 2009) (internal citations omitted). In applying these principles, we have explained previously that "we must construe a statute so that no part will be inoperative, superfluous, void, or insignificant. We are required to give effect to every word, phrase, clause, and sentence of the act in order to achieve the Legislature's intent and we must construe a statute *so that no section will destroy another*." *Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *25 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018) (emphasis added) (internal citations omitted).

Here, the plain language of the section 50-6-207(D)(1) provides that in all cases where an employee alleges a mental injury, the *earliest occurrence* of two defined events triggers a conclusive presumption of MMI. The first possibility is when the treating psychiatrist places the employee at MMI. Here, there is no evidence in the record that Employee has been placed at MMI by Dr. Kyser; accordingly, subsection 207(D)(1)(i) does not apply. The second possibility is the expiration of 104 weeks after the date of injury when there is no underlying physical injury. The question then becomes: what constitutes an "underlying" physical injury?

During oral argument, Employee's counsel first argued that "underlying," within the context of this section, simply means "accompanying." Employee's counsel later acknowledged, however, that the term may include some degree of contribution by the physical injury to the mental injury, although not to the extent that the mental injury arose

primarily from the physical injury. Conversely, Employer maintains that "underlying" refers to causation, not merely a temporal connection. Thus, in Employer's view, if a mental injury is independent of any physical injury, then subsection 207(1)(D) defines when MMI occurs. However, if the mental injury arose later due to the effects of the physical injury, subsection 207(1)(E) defines when MMI occurs.

In its order, the trial court concluded that "[c]onsideration of the legislative intent behind section 207(1)(D)(ii) is unnecessary because the provision is not ambiguous." The court further noted that the natural and ordinary meaning of "underlying" is "a cause or foundation of something else" and "[h]ad the legislature wished to exclude mental injuries occurring concurrently or incidentally with physical injuries, it could have said so."

We conclude Employee's proposed interpretation of these statutory provisions is untenable. Employee asks us, in essence, to recognize a category of mental injury cases not addressed by the General Assembly and declare there is no conclusive presumption of MMI for that one category of mental injuries, even when all other mental injury cases are subject to a conclusive presumption of MMI. This we decline to do. In considering Employee's motion, the trial court properly considered the text of the statute to determine the natural and ordinary meaning of the word "underlying" within the context in which it appeared and in light of the statute's general purpose. After doing so, the court concluded this language is clear and unambiguous. If, as in the present case, an employee suffers a mental injury arising primarily from a work-related incident and independent of any physical injury, subsection 207(1)(D) governs when MMI occurs as the earliest of two defined events. If, on the other hand, the mental injury arose primarily from the effects of the physical injury, subsection 207(1)(E) defines when MMI occurs. Thus, we discern no error in the trial court's interpretation of this statutory language and in its order denying Employee's motion to compel the payment of additional temporary disability benefits.

## Conclusion

Accordingly, we affirm the order of the trial court and remand the case. Costs on appeal are taxed to Employee.

8



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Alexis Basham | ) | Docket No. 2023-05-0474 |
| | ) | |
| v. | ) | State File No. 50877-2021 |
| | ) | |
| SPB Hospitality, LLC, d/b/a Logan's | ) | |
| Roadhouse, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard October 5, 2023 |
| Compensation Claims | ) | at Knoxville |
| Dale A. Tipps, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 2nd day of November, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Michael P. Fisher | | | | X | michael@rockylawfirm.com gina@rockylawfirm.com |
| Taylor R. Pruitt | | | | X | trp@feeneymurray.com catherynelgrant@feeneymurray.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

O. Yearwood

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov